IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATION 27, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 5:14-CV-01238-F |
| | ) |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**COMES NOW** the Plaintiff, STATION 27, INC. (hereinafter "Plaintiff"), and for its causes of action against Defendant, EMPLOYERS MUTUAL CASUALTY COMPANY, (hereinafter collectively referred to as "EMPLOYERS MUTUAL"), hereby states as follows:

## STATEMENT OF FACTS

1. Plaintiff is a corporation situated in Moore, Cleveland County, Oklahoma. Plaintiff has an insurable interest in the property located at 5300 NE 122nd St., Oklahoma City, Oklahoma 73131.

2. Defendant, EMPLOYERS MUTUAL, is a corporation incorporated under the laws of the State of Iowa, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3. Plaintiff entered into a contract for insurance with Defendant, EMPLOYERS MUTUAL to provide coverage for its property and its contents. Plaintiff's insured property is located in Oklahoma County,

1

Oklahoma.

4. Defendant, EMPLOYERS MUTUAL issued the Businessowners Policy of insurance, Policy 4W48384, to the Plaintiff.

5. Defendant, EMPLOYERS MUTUAL, represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

6. On or about April 26, 2013, the property insured by Plaintiff under the subject insurance policy was severely damaged as a direct result of a windstorm/hailstorm.

7. Plaintiff timely and properly submitted a claim to Defendant, EMPLOYERS MUTUAL, for the property damage incurred due to the windstorm/hailstorm.

8. Defendant, EMPLOYERS MUTUAL confirmed that the cause of Plaintiff's property damage claim was due to windstorm/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, EMPLOYERS MUTUAL. Defendant, EMPLOYERS MUTUAL assigned a claim number of Z01039898.

### STATUTORY AUTHORITY

9. This suit is being brought, in part, under standards set forth in the Oklahoma Unfair Settlement Practices Act, Okla. Stat: Ann. §36-1250.5; the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753, and the

Oklahoma Insurance Code, 36-O.S. §101 *et seq.*

# FIRST CAUSE OF ACTION
# BREACH OF CONTRACT

10. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 above as if fully plead herein, and for further claims against the Defendant, EMPLOYERS MUTUAL, alleges as follows:

11. Plaintiff entered into a contract for insurance with Defendant, EMPLOYERS MUTUAL, to provide coverage for the dwelling and personal property.

12. At all times material hereto, the policy of insurance, Policy No. 4W48384, was in full force and effect.

13. Plaintiff provided timely and proper notice of its claim of property damage resultant from the April 26, 2013 windstorm/hailstorm.

14. Plaintiff has complied with the terms and conditions and all conditions precedent under the policy of insurance.

15. As to the the windstorm/hailstorm damages that underlie this lawsuit, on on information and belief, Defendant EMPLOYERS MUTUAL has failed to make any payment in insurance benefits to date for those losses covered by the insurance policy.

16. Conversely, Plaintiff received an estimate from an Oklahoma General Contractor that the actual cost to repair those losses covered by the contract of insurance total of four hundred sixty four thousand four hundred forty

two 69/100 dollars ($464,442.69).

17. By failing to fully indemnify Plaintiff for losses covered by the contract of insurance, Defendant EMPLOYERS MUTUAL has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

18. Defendant EMPLOYERS MUTUAL's conduct is the proximate cause of Plaintiff's damages.

19. As a result of the Defendant, EMPLOYERS MUTUAL' breach of contract the Plaintiff has sustained financial losses and has been damaged.

20. The conduct of Defendant, EMPLOYERS MUTUAL, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### BAD FAITH

21. Plaintiff adopts and incorporates by reference paragraphs 1 through 20 above as if fully plead herein, and for further claim against the Defendant, EMPLOYERS MUTUAL, alleges as follows:

22. Defendant EMPLOYERS MUTUAL owed a duty to Plaintiff to deal fairly and act in good faith.

23. Defendant EMPLOYERS MUTUAL breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

a. Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the April 26, 2013 windstorm/hailstorm loss in accordance with the terms and conditions of the insurance poilcy.

b. As noted above, Defendant has failed to make any payment to date as insurance proceeds on the underlying claim.

c. As further noted above, Plaintiff's licensed Oklahoma General Contractor has estimated the repair costs to be $464,442.69.

d. By failing to make any payment fo rinsurance proceeds to date – over one a one-half years after the storm that caused the damage – the Defendant has unreasonably delayed paying all benefits owed.

e. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the insurance Policy.

f. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

g. Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

h. On information and belief and as will be more fully developed during discovery in this case, failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

    i. On information and belief and as will be more fully developed during discovery in this case, intentionally engaging in an outcome oriented investigation.

    j. On information and belief and as will be more fully developed during discovery in this case intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism.

24. Defendant's obligations to the Plaintiff arise from both express written terms under the insurance Policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

25. Defendant's failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

26. Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

27. As a direct and proximate result of Defendant's unfair claims handling conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial premium to Defendant and damage to Plaintiff.

28. As a result of the Defendant's conduct, the Plaintiff has sustained financial losses.

29. The conduct of Defendant was intentional, willful, malicious, and in

reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

30. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

31. Plaintiff further alleges Defendant benfited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendant, EMPLOYERS MUTUAL CASUALTY COMPANY, as follows:

a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to thier dwelling and personal property caused by the April 26, 2013, windstorm/hailstorm, together with interest on all amounts due;

b. Disgorgement of the incureased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c. Actual and punitive damages each in an amount in excess of seventy-five thousand dollars ($75,000.00);

d.  The amount of punitive damages sought to be recovered for Plaintiff's Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; and

e.  Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

/s Drew Houghton
J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

                                          Phillip N. Sanov, Esq.
                                          TX State Bar No: 17635959
                                          Three Riverway, Suite 701
                                          Houston, Texas 77056
                                          psanov@merlinlawgroup.com
                                          T: 713-626-8880
                                          F: 713-626-8881

                                  ***ATTORNEYS FOR PLAINTIFF***

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

### CERTIFICATE OF SERVICE

       I hereby certify that on this 12th day of January, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Phil R. Richards, OBA #10457
Jessica N. Battson, OBA #22843
Randy Lewin, OBA #16518
Richards & Connor
12th Floor, Park Centre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
*Attorneys for Defendant,*
*Employers Mutual Casualty Company*

                                          /s Drew Houghton
                                          J. DREW HOUGHTON